ELECTRONICALLY FILED - 2025 May 20 4:52 PM - ALLENDALE - COMMON PLEAS - CASE#2025CP0300070

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ALLENDALE | FOURTEENTH JUDICIAL CIRCUIT |
| Lawrence Wiggins,<br><br>Plaintiff,<br><br>v.<br><br>Town of Allendale,<br><br>Defendant. | C.A. No. 2025-CP-_________<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff Lawrence Wiggins ("Wiggins"), complaining of the above-named Defendant, would respectfully allege and show as follows:

**PARTIES AND JURISDICTION**

1. Wiggins is a citizen and resident of Halifax County, North Carolina.

2. Defendant Town of Allendale (herein after referred to as, "Town") is a political subdivision located in the State of South Carolina.

3. The Town is governed by the Town of Allendale, Town Council (herein after referred to as the "Council"), which is a political body. The Town acts by and through its Council.

4. This Court has personal jurisdiction over the Town pursuant to S.C. Code Ann. § 36-2-802 and the subject matter of this action.

5. Venue in this Court is proper.

**FACTUAL ALLEGATIONS**

6. Wiggins worked for the Town as the Chief of Police from May 20, 2022, through approximately February 20, 2025.

7. Wiggins was hired as an exempt employee, earning a salary on a two-week pay period.

ELECTRONICALLY FILED - 2025 May 20 4:52 PM - ALLENDALE - COMMON PLEAS - CASE#2025CP0300070

8. When Wiggins was hired, the Town's police department was virtually non-existent with only one employed police officer.

9. The Town expected Wiggins to rebuild the police department and was fully aware that the police department was severely understaffed and that Wiggins would be performing the job duties of an entire department.

10. Specifically, Wiggins consistently performed the job functions of a traditional police officer.

11. Wiggins worked tirelessly to perform the work of the entire police department, which largely consisted of non-exempt work, while he rebuilt the Town's police department for the betterment of the community.

12. For most of his employment, Wiggins's primary duties included patrolling; responding to emergency and non-emergency calls; investigating incidents, conducting interviews, collecting evidence, and preparing investigation reports; and other non-exempt tasks.

13. Despite these responsibilities, the Town classified Wiggins as an exempt employee, thereby denying him the overtime compensation he was entitled to under the FLSA.

14. During the pay periods covering May 20, 2025 through February 20, 2025, Wiggins typically worked between approximately 120 to 140 hours per two-week pay period for the benefit of the Town.

15. Wiggins was not paid the overtime for all of the hours he worked over 40 hours in a workweek.

16. Wiggins attempted to address his misclassification throughout his employment, demanding reclassification and the associated overtime pay.

17. Wiggins complained to the Council and begged for their assistance in adjusting his

ELECTRONICALLY FILED - 2025 May 20 4:52 PM - ALLENDALE - COMMON PLEAS - CASE#2025CP0300070

classification.

18. The Council denied him at every turn without sufficient justification or reason.

19. The Council refused to investigate Wiggins complaints and failed to review their obligations under the FLSA.

20. During an open session meeting, the Town's attorney informed the Council that Wiggins should have been paid as a non-exempt employee.

21. The Council still refused to act and turned a blind eye to its obligations under the FLSA despite having actual knowledge of their violations.

**FOR A FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act–Failure to Pay Overtime Wages)**
**(Individual and Collective Action)**

22. Wiggins repeats and realleges each and every preceding allegation as if restated herein verbatim.

23. The Town is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(d), because it is a "public agency."

24. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq., and the supporting federal regulations, apply to the Town and protect Wiggins and the FLSA Collective.

25. The Town has failed to pay Wiggins and the FLSA Collective overtime at the rate of one-and-a-half times their normal rate of pay for all hours worked in excess of 40 hours.

26. As a result of the Town's unlawful acts, Wiggins and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

ELECTRONICALLY FILED - 2025 May 20 4:52 PM - ALLENDALE - COMMON PLEAS - CASE#2025CP0300070

27. The Town's unlawful conduct, as described in this Complaint, has been intentional and willful. The Town was aware or should have been aware that the practices described in this Complaint were unlawful. The Town has not made a good faith effort to comply with the FLSA with respect to the compensation of Wiggins and the FLSA Collective.

28. The work and pay records of Wiggins and the FLSA Collective are in the possession, custody, and/or control of the Town, and the Town is under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records.

29. Wiggins requests an order of this Court requiring the Town to preserve such records during the pendency of this action.

**FOR A SECOND CAUSE OF ACTION**
**(South Carolina Payment of Wages Act)**
**(Individual and Class Action)**

30. Wiggins repeats and realleges each and every preceding allegation as if restated herein verbatim.

31. The Town is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

32. The Town employed Wiggins and the members of the Wiggins class within the State of South Carolina.

33. The Town owes Wiggins and the members of the Wiggins class "wages" as defined in Section 41-10-10(2) of the Act, to compensate them for labor rendered to the Town, as promised to Wiggins and the members of the Wiggins class and as required by law, including overtime pay required by the FLSA.

ELECTRONICALLY FILED - 2025 May 20 4:52 PM - ALLENDALE - COMMON PLEAS - CASE#2025CP0300070

34. The Town required Wiggins and the members of the Plaintiff class to work "off the clock," and did not pay them for all service rendered for the benefit of the Town.

35. The Town has failed to pay Wiggins and the members of the Wiggins class all wages due, as required by Sections 41-10-40 and -50 of the Act.

36. The Town's failure to pay Wiggins and the members of the Wiggins class all wages due is willful, without justification, and in violation of the duty of good faith and fair dealing.

37. Pursuant to Section 41-10-80(C) of the Act, Wiggins and the members of the Wiggins class are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees.

**<u>FOR A THIRD CAUSE OF ACTION</u>**
**(Conversion)**

38. Wiggins repeats and realleges each and every preceding allegation as if restated herein verbatim.

39. At all relevant times alleged, Plaintiff and members of the putative class were and are entitled to compensation in the amount equal to the hours worked, and a premium for overtime hours worked during their employment with the Town.

40. Defendant(s) have intentionally, willfully, maliciously, and in opposition to advice of counsel acted to permanently deprive Plaintiff and members of the putative class of this owed compensation.

41. Defendant(s) without Plaintiff and members of the putative class, have converted this owed compensation to their own use.

42. The Defendant(s) failure to compensate Plaintiff and members of the putative class wages owed and due to them for time spent performing work for the benefit of the Defendant(s)

ELECTRONICALLY FILED - 2025 May 20 4:52 PM - ALLENDALE - COMMON PLEAS - CASE#2025CP0300070

and other improper deduction from their compensation constitutes conversion in accordance with South Carolina common law.

**FOR A FOURTH CAUSE OF ACTION**
**(Negligence)**

43. Wiggins repeats and realleges each and every preceding allegation as if restated herein verbatim.

44. The Town of Allendale Town Council are duly elected to serve as the governing body for the Town.

45. As the Town's governing body, the Council swears an oath and has a duty to uphold the South Carolina and United States of America's Constitutions.

46. In doing so, the Town Council has a duty to govern and administer state and federal laws in a just, faithful, and accurate manner.

47. However, the Town Council breached its oath and its duty to Plaintiff and members of the putative class by willfully refusing to take governing action in accordance with state and federal law to compensate Plaintiff and members of the putative class accurately.

48. As a result of the Town Council's breach, Plaintiff and members of the putative class have been wronged and injured financially. In addition, the integrity of the office(s) and oath to the State and county have been broken.

49. The negligent governance by the Town Council has damaged Plaintiff, members of the putative class and the citizens of the Town of Allendale.

**WHEREFORE**, Wiggins, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment for the following relief:

a. That, at the earliest possible time, Wiggins be allowed to give notice of this collective action, or that the Court issue such notice, to the members of

ELECTRONICALLY FILED - 2025 May 20 4:52 PM - ALLENDALE - COMMON PLEAS - CASE#2025CP0300070

the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied minimum wages for all hours worked, and overtime for all hours worked over 40 in a workweek;

b. Unpaid minimum wages and overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, et seq., and the supporting United States Department of Labor regulations;

c. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

d. Designation of Wiggins as a Class Representative and counsel of record as Class Counsel;

e. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and the South Carolina Wage Payment Act;

f. Issuance of a declaratory judgment that the Town has willfully and in bad faith violated the overtime compensation provisions of the FLSA, and has deprived Wiggins and the members of the Wiggins class of their rights to such compensation;

g. An order requiring the Town to provide a complete and accurate accounting of all the overtime compensation and other compensation to which Wiggins and the members of the Wiggins class are entitled;

h. An injunction requiring the Town to pay all statutory required wages pursuant to the FLSA and the South Carolina Wage Payment Act;

ELECTRONICALLY FILED - 2025 May 20 4:52 PM - ALLENDALE - COMMON PLEAS - CASE#2025CP0300070

i. Unpaid overtime and liquidated damages under the FLSA and South Carolina Wage Payment Act;

j. Pre- and post-judgment interest;

k. Attorneys' fees and costs of this action;

l. A reasonable incentive award for the lead Wiggins to compensate him for the time he spent attempting to recover wages for Class Members and for the risks he took in doing so; and

m. Treble damages pursuant to the South Carolina Payment of Wages Act;

n. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

**HAYNSWORTH SINKLER BOYD, P.A.**

s/ *Joseph D. Dickey, Jr.*
Joseph D. Dickey, Jr. (S.C. Bar No. 100064)
Alexandra C. Williams (S.C. Bar No. 107561)
1201 Main St., 22nd Floor (29201)
PO Box 11889
Columbia, SC 29211
864-779-3080
jdickey@hsblawfirm.com
awilliams@hsblawfirm.com

May 20, 2025

*Attorneys for the Plaintiff*

ELECTRONICALLY FILED - 2025 May 20 4:52 PM - ALLENDALE - COMMON PLEAS - CASE#2025CP0300070

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ALLENDALE | IN THE COURT OF COMMON PLEAS<br>FOURTEENTH JUDICIAL CIRCUIT |
| Lawerence Wiggins,<br>Plaintiff,<br><br>vs.<br><br>Town of Allendale,<br><br>Defendants. | C.A. No. 2025-CP-_________<br><br>**SUMMONS**<br>**(Jury Trial Demanded)** |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the Complaint on the subscriber at his office, Haynsworth Sinkler Boyd, P.A., 1201 Main Street, 22nd Floor (29201), Post Office Box 11889, Columbia, South Carolina (29211-1889), within thirty (30) days after the service hereof, exclusive of the day of such service. Your Answer must be in writing and signed by you or your attorney and must state your address or the address of your attorney, if signed by your attorney. If you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

**HAYNSWORTH SINKLER BOYD, P.A.**

s/ *Joseph D. Dickey, Jr.*
Joseph D. Dickey, Jr. (S.C. Bar No. 100064)
Ronald T. Scott (S.C. Bar No.)
Alex C. Williams (S.C. Bar No.)
1201 Main St., 22nd Floor (29201)
PO Box 11889
Columbia, SC 29211
864-779-3080
jdickey@hsblawfirm.com
rscott@hsblawfirm.com
awilliams@hsblawfirm.com

ELECTRONICALLY FILED - 2025 May 20 4:52 PM - ALLENDALE - COMMON PLEAS - CASE#2025CP0300070

May 20, 2025,
Columbia, South Carolina

***Attorneys for Plaintiff***

ELECTRONICALLY FILED - 2025 May 20 4:52 PM - ALLENDALE - COMMON PLEAS - CASE#2025CP0300070